# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ROBIN ST. CLAIR,

                          **Plaintiff,**

-vs-                                    **Case No.  6:05-cv-1505-Orl-31DAB**

FMC TECHNOLOGIES, INC.,

                          **Defendant.**

_____

## ORDER

This cause came on for consideration with oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO COMPEL CONTINUED DEPOSITION OF DEFENDANT'S REPRESENTATIVE WITH SPECIAL MASTER PRESENT AND MOTION FOR SANCTIONS (Doc. No. 20)** |
| **FILED:** | **March 31, 2006** |

**THEREON** it is **ORDERED** that the motion is **GRANTED** in part.

Plaintiff is suing Defendant FMC Technologies, Inc. for race, gender, and age discrimination in connection with her termination after eleven years of employment.  Plaintiff alleges that she was replaced by a white male who was less than 40 years of age with less experience and education.  Doc. No. 1.

Plaintiff's supervisor who was involved in the decision to terminate her, Michael Houlihan, was deposed by Plaintiff on February 24, 2006.  Plaintiff seeks to compel a continued deposition with a special master present and sanctions for having to bring the motion to compel.  During the

deposition, Mr. Houlihan was instructed by Defendant's counsel not to answer certain questions regarding a ten-page document that he described as "like ten pages, a lot thicker document, from what I remember, and this [summary] . . . is one page out of that total assessment." Doc. No. 29 (Houlihan Dep.) at 45. Mr. Houlihan had already testified that he had prepared an assessment of Plaintiff as part of the decision of whether to terminate Plaintiff and "that assessment was my assessment. I did that alone." *Id.* at 43. No one else was asked for input into that assessment. *Id*. Although Mr. Houlihan testified under oath somewhat disingenuously that he could not recall whether he wrote the assessment before Plaintiff's termination date, he did recall that the assessment was given to the senior management staff to review and to make comments on prior to Plaintiff's termination date. *Id*. at 44. Mr. Houlihan's assessment is therefore a critical piece of evidence in Plaintiff's discrimination case.   It is also clear according to Mr. Houlihan's testimony that his ten-page assessment was an internal document created before the decision was made to terminate Plaintiff; therefore, it would not be protected by the attorney-client privilege. Plaintiff's counsel asked Mr. Houlihan whether he had provided the ten-page assessment to his attorney, and Houlihan responded that he had not. *Id.* at 45. Defendant's counsel, Lori Brown, then objected to the form of the question and instructed Mr. Houlihan not to answer. *Id*. at 46. When Plaintiff's counsel appropriately pressed Mr. Houlihan for an answer, which is proper when the objection is merely to the form of the question, then Ms. Brown changed her objection to one of attorney-client privilege. *Id.* at 46. Ms. Brown then launched into an inappropriate and lengthy explanation of her privilege objection. *Id.*

When Plaintiff's counsel next asked Mr. Houlihan *whether* he had provided the full assessment to the EEOC, Ms. Brown, without stating an objection, jumped in to say, "If you know, yes or no." Mr. Houlihan then (not surprisingly) responded, "I don't know." *Id.* at 47. Ms. Brown contended that

she interposed her instruction because the question "treaded on something that may or may not be privileged" and she was instructing the witness so as to preserve the privilege. *Id.* at 48. Even after Plaintiff's counsel clarified the question as asking "whether" the document had been produced and not "why" it was or was not produced, Ms. Brown instructed Mr. Houlihan not to answer whether he had not provided his full assessment to the EEOC. *Id.* at 49. Counsel then engaged in a lengthy discussion on the record regarding contacting the Court for a ruling. Ms. Brown apparently told Plaintiff's counsel, "You won't get the witness back again." Doc. No. 29-3 at 2 (p. 51 of the transcript).

At the hearing, counsel for Defendant, Ms. Bernard[1], was clearly not familiar with the ten-page assessment in dispute, since she told the Court that Mr. Houlihan was not the author of the document. Defendant's counsel also claimed (again) that Mr. Houlihan's ten-page assessment is protected by the attorney-client privilege, which it is not.

It is **ORDERED** that Mr. Houlihan's ten-page assessment of Plaintiff created prior to her termination be **PRODUCED** by Defendant within 5 days of the date of this Order. It is further **ORDERED** that Mr. Houlihan be produced for a second deposition, to last no longer then two hours, at a time mutually convenient to the parties before May 20, 2006. If Plaintiff experiences any further difficulty, such as the witness or counsel attempting to obfuscate the issues or run out the clock, the Court will impose sanctions for such behavior. To the extent Plaintiff seeks sanctions for the conduct during the prior deposition, the matter is reserved for ruling upon the completion of the case.

**DONE** and **ORDERED** in Orlando, Florida on May 9, 2006.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[1]Ms. Bernard appeared by phone, and no exhibits were filed prior to the hearing.

Copies furnished to:

Counsel of Record